## CHARLES MARX,
### EXECUTOR OF THE LAST WILL AND TESTAMENT OF JOHN MARX, DECEASED,

*vs.*

## GEORGE MARX.

*Decedents' estates*: *action for board; intention; evidence.*

Where part of the answer of a witness is admissible, it is error to strike out the whole answer.                     p. 387

In an action against the estate of a decedent, for board furnished by his son, the testimony of a witness, to whom the decedent read a paper written by him bearing upon that question, is admissible as reflecting upon the issue.                     p. 387

*Decided January 11th, 1916.*

Appeal from the Court of Common Pleas of Baltimore City. (GORTER, J.)

George Marx sued the estate of his deceased father for board he had furnished for 559 weeks; the verdict and judgment being in his favor for $885; the executor took this appeal.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*G. Clem Graetzel* and *Frank Driscoll,* for the appellant.

*C. Rose Mace* and *W. Calvin Chesnut* (with whom was *W. Carroll Hunter,* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

In this case the action was brought by the appellee, George Marx, to recover for board furnished by him to his father, the defendant's testator, from September 15th, 1901, to June 16th, 1912.

At the time of the institution of this suit an action was brought against this defendant by Augusta Marx, wife of the appellee, to recover for services rendered by her to the decedent, during the same period of time.

The case of the wife was first heard, and by agreement of counsel, it was understood and agreed that the evidence taken in her case should "be considered as regiven in this case with the exception that the testimony of George Marx * * * as far as it relates to any transaction or conversation with John Marx, Senior," should not be regarded or considered as evidence in the husband's case; and it was agreed that the exceptions there taken were to be made and considered in this case. The additional evidence consists chiefly of the testimony of Augusta Marx as to transactions and conversations of her husband with the decedent in relation to board furnished by him to the decedent.

The law of this case, as to the right of the plaintiff to recover, is the law of that case, *Charles Marx, Ex'r.* v. *Augusta Marx, ante,* p. 373, and we will not prolong this opinion by again stating it here.

The prayers are practically the same, changed only to suit the character of the claim, with the same rulings thereon.

The testimony of George Marx in the wife's case, as far as it relates to transactions and conversations with the decedent, is not to be considered in his case, but in substitution for it is the testimony of the wife, and after a careful consideration of her testimony, in connection with the testimony of others, so fully set out in our opinion in her case, we find no error in the Court's rulings upon the prayers offered by the defendant asking that the case be taken from the jury for want of legally sufficient evidence.

As we have passed upon the prayers in that case, it be-

comes unnecessary, because of the similarity of the two cases, to discuss them again and therefore we simply state that we find no error in the Court's rulings thereon.

There are six exceptions in the record relating to the evidence, to which we will briefly refer. The first three are to the action of the Court in admitting certain testimony of Mrs. Marx. The first is to the refusal of the Court to strike out an answer of the witness. A portion of the answer was certainly admissible, and if there was any part of it not admissible, the whole should not be stricken out because a part of it was inadmissible. The motion should have been to strike out the objectionable part of the answer, stating it in the motion (*Baltimore & Ohio R. Co.* v. *Whitehill,* 104 Md. 314), and as this was not done there was no error in the Court's refusal to strike out the whole answer. The second exception is to an incomplete answer of the witness, while the third is to the answer when completed. In this exception the witness gave the contents, as it was read to her by the decedent, of a paper written by him in German, containing some reference to the payment of board to George, which was so written that only parts of it could be read by others, and its meaning could not be ascertained. The contents of the paper as he read it to her we think was admissible as reflecting upon the issue, whether he expected George to be paid for his board.

As to the fourth exception the witness stated what was usually paid for board, such as was furnished the decedent, but concluded by saying she would leave that to the jury to determine. The character of the board was, of course, known to her, no one could have been more familiar with it, as the food was prepared by her, and having a general knowledge of its value, as she testified, she was properly permitted to state its value. Nor was there any error in the Court's ruling upon the fifth exception, for what we have said of the fourth applies to this exception. The Court was also right in its ruling upon the sixth exception.

The judgment therefore will be affirmed.

*Judgment affirmed, with costs to appellee.*